CITY OF AURORA, APPELLANT, *v.* KEPLEY, APPELLEE.

(No. 79-7—Decided November 28, 1979.)

*Messrs. Walter, Haverfield, Buescher & Chockley* and *Mr. John H. Gibbon,* for appellant.

*Messrs. Loomis, Poland, Wilson & Griffith* and *Mr. Harry L. Griffith,* for appellee.

CELEBREZZE, C. J. This court stated in *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, in the sixth paragraph of the syllabus, as follows:

"Before the results of a Breathalyzer test given an accused are admissible in evidence against him, it is incumbent on the state to show that the instrument was in proper working order and that its manipulator had the qualifications to conduct the test."

In *Cincinnati* v. *Sand* (1975), 43 Ohio St. 2d 79, this court explained *Giordano,* and held that the results of a Breathalyzer test could be admitted in evidence only upon an affirmative showing that the bodily substances were withdrawn within two hours of the alleged violation; that they were analyzed in accordance with Department of Health

methods; and that the analysis was conducted by qualified individuals holding permits issued by the Department of Health pursuant to R. C. 3701.143. There is no contention that Lyle Summers was not a qualified operator or that the bodily substances were not withdrawn within two hours of the alleged violation. The sole issue before this court is whether the Court of Appeals was correct in ruling that in order for an operator to analyze the bodily substances in accordance with Department of Health methods, a senior operator must be present when the test is administered under Ohio Adm. Code 3701-53-07 (C).

The Department of Health has set up a system of administering Breathalyzer tests which uses two types of personnel, operators and senior operators. An operator must be trained and must demonstrate ability to properly operate the instrument for which the permit is sought. Ohio Adm. Code 3701-53-07 (E). A senior operator receives special training regarding the types of instruments for which he seeks a permit. Ohio Adm. Code 3701-53-07 (D).

Pursuant to R. C. 3701.143 and 4511.19, the Director of Health issued Ohio Adm. Code 3701-53-07 (C) which regulates the conduct of the two types of personnel. Ohio Adm. Code 3701-53-07 (C), in pertinent part provides:

"Breath tests shall be performed by a senior operator or an operator who is under the general direction of a senior operator. A senior operator shall be responsible for the care, maintenance, and calibration of the testing instruments. Senior operators shall perform or direct only those breath tests for which they have been issued a permit by the director of health under rule 3701-53-09.***"

The purpose of this Department of Health regulation under R. C. 3701.143 is to insure accuracy in the testing process. The department realized that police officers could be trained in the proper methods of operating the equipment and could obtain accurate test results from the Breathalyzer without constant supervision by or the training of a senior operator, either of which would require unnecessary expense. At the same time, the department realized that to insure accuracy, every police department using Breathalyzer equipment needed at least one person trained extensively in the use and maintenence of the equipment.

As a consequence, the Department of Health used the term "general direction" in Ohio Adm. Code 3701-53-07 (C). This term, which is quite different from "direct supervision," requires that when Breathalyzer testing is performed by operators there be at least one senior operator who will care for, maintain and calibrate the equipment and who will occasionally check the performance of the operators. If these procedures are employed by the senior operator, then the operators, using the proper methods learned in training, will get accurate results.

The Court of Appeals erred in ruling that the language employed in Ohio Adm. Code 3701-53-07 (C) requires that the senior operator be present at the time the test is conducted. Where the Director of Health, pursuant to R. C. 3701.143, promulgates a rule that a Breathalyzer test administered by one holding an operator's permit is to be performed under the general direction of a senior operator, the senior operator is not required to be physically present when the operator administers the test.

As a consequence, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.