**City of DAYTON, Appellant,**

v.

**DABNEY, Appellee.**

[Cite as *Dayton v. Dabney* (1994), 99 Ohio App.3d 32.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 14524.

Decided Dec. 7, 1994.

*Raymond L. Bilott,* Assistant City Prosecutor, for appellant.

*John H. Rion,* for appellee.

---

FREDERICK N. YOUNG, Judge.

The city of Dayton ("the city"), appellant, is appealing from the granting of a motion to suppress filed by Curtis D. Dabney, appellee, pursuant to Crim.R. 12(J), which allows for an appeal by the prosecution upon certification that it is not taken for purpose of delay and that the granting of the motion to suppress the evidence in the case has rendered the prosecution's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

The sole issue on appeal is whether the trial court committed prejudicial error in suppressing the results of a breathalyzer test on grounds which were (a) not raised in Dabney's motion to suppress, (b) not raised in the hearing on the motion to suppress, (c) not supported by any evidence before the court, (d) only raised *sua sponte* by the trial court after both parties had rested their cases, and (e) susceptible of refutation by the city as a factual issue but the city was given no opportunity to provide any such evidentiary refutation. Because we find that the trial court exceeded its authority and abused its discretion in suppressing the evidence under the circumstances as stated above, the decision will be reversed, the motion to suppress will be overruled, and the matter will be remanded for further proceedings.

Dabney was apprehended on the evening of October 30, 1993, by police officers of the city on West Third Street in Dayton, Ohio. The officers observed him to be driving in an apparently reckless manner and upon stopping him they concluded he was under the influence of alcohol and/or drug abuse and asked him to submit to a breath test. After he tested .225 on the breathalyzer scale he was issued two traffic citations, one for driving under the influence of alcohol or drug abuse and the second for operating with a prohibited breath-alcohol content in violation of the pertinent city statutes.

Dabney, through counsel, filed a motion to suppress evidence on January 21, 1994, followed by an amended motion on February 1, 1994, which together challenged the use of evidence consisting of observations of the arresting officer, the statements made by Dabney after the arrest, and the results of the breathalyzer test, on the following grounds: (1) there was no probable cause for the stop of Dabney, (2) his arrest was illegal, and (3) "in addition, it is the position of the Defendant [Dabney] that the breathalyzer was not performed within two hours of the violation."

A hearing was held on the motion on February 23, 1994, at the beginning of which the trial court, with the explicit assent of counsel for Dabney, clearly set

forth that the only issues which were going to be tried at the hearing were "whether or not there was probable cause or reasonable suspicion to make a stop for DUI, and after the stop was made whether or not the breathalyzer was performed within two hours." The hearing proceeded on those grounds. The city called police officer Rogers to the stand, who testified as to the circumstances concerning the observation of Dabney's vehicle, the stop of the vehicle, the observation of Dabney's apparent intoxicated condition, and his transportation to the City Safety Building for the breathalyzer test. After examination and cross-examination of Officer Rogers, the city called Officer Coberly to the witness stand. Officer Coberly testified as to his qualifications as follows:

"Q. Are you qualified to perform BAC Data master test[s]?

"A. That is correct. I was certified through the Dayton Police Department, and I received a fairly good score on the state test.

"Q. Are you licensed?

"A. Yes, I am licensed.

"Q. When?

"A. Umm, it was probably ten months ago, I believe. I was certified and licensed on October 30, 1993.

"Q. Were you employed and licensed on October 30, 1993, at about evening hours?

"A. Yes sir.

"Q. And do you recall performing a BAC Datamaster test on that date?

"A. Yes.

"Q. Do you recall coming into contact with a person identified as Curtis D. Dabney?

"A. Yes.

"Q. Do you see Mr. Dabney in court today?

"A. Yes, I do."

Officer Coberly concluded his direct examination by testifying that he had administered the test to Dabney and the test was completed at 10:31 p.m. on the night of October 30, 1993. On cross-examination, the following exchange occurred:

"Q. Are you considered a senior operator?

"A. No sir, I am not.

"Q. Were you observed on that particular evening by a senior operator?

"A.   No sir, I was not."

Counsel for the defense did not pursue that line of inquiry any further at the hearing and concluded, "I don't have anything further, your Honor."   The city then rested and Dabney took the stand.   The only questions his counsel raised to him were with regard to the time of his traffic stop that night, which Dabney testified to as occurring between 8:00 and 8:30 p.m.   After a cross-examination which concerned only the circumstances surrounding the traffic stop, both parties rested.   The transcript of the hearing concludes as follows:

"MR. MULLIGAN:   Nothing further, your Honor.

"THE COURT:   You may step down Mr. Dabney.

"THE COURT:   Did you have anything else?

"MR. MULLIGAN:   We rest at this point, your Honor.   (Thereupon, the evidence in the within hearing was brought to a close.)"

The record then contains a supplemental memorandum by Dabney filed on March 2, 1994, which argues that the motion to suppress should be sustained because there is no indication that Officer Coberly was "supervised or under the general direction of a senior operator."   The city countered with a memorandum filed on March 3, 1994, pointing out that the issue of general supervision had not been raised during the hearing, that the city had not been put on notice that such an issue would be addressed, and "if the Court feels that this is an issue that needs to be clarified, then the State would respectfully request to reopen the Motion to Suppress hearing in the interests of justice and to preserve its due process rights so that it could subpoena and have available for testimony the senior operator who generally supervised the testing officer in this case."

There is nothing in the record to indicate why these memoranda were filed, although the city's brief on appeal states:

"It was only after all the evidence was closed and after witnesses had been released, that the trial judge raised for the first time the issue of the testing officer's qualifications and that the prosecution had the burden of establishing complete compliance with Department of Health regulations concerning his 'supervision' while giving the test.   The decision by the trial court as well as the manner it placed the issue of the testing officer's qualifications before the prosecution is a complete departure from any notion of fairness or justice.   *See State v. Lautzenheiser* (Van Wert Cty., 1991) 77 Ohio App.3d 461 [602 N.E.2d 705]."

While the record does not substantiate the above statement by the city, we can only conclude that "something" happened to prompt the parties to file their supplemental memoranda.

On March 30, 1994, the trial court issued a decision and entry which granted defendant's motion to suppress. The court first noted the issues raised in Dabney's motion to suppress, to wit:

"(1) the legality of the defendant's stop and (2) whether the breathalyzer test was timely given. * * * [T]he Court finds that the Dayton Police Department had probable cause to stop the defendant and once that stop was made, the Dayton Police Department had a reasonable articulable basis upon which to proceed with a DWI investigation. Further, the Court finds that the defendant was given the breathalyzer test within the two hour time frame required by the Ohio Department of Health Regulations."

These findings by the trial court, which by themselves would be sufficient to overrule the motion to suppress, are not the subject of this appeal and are not being contested by Dabney. In its decision, the trial court then went on to focus on the exchange quoted above between defense counsel and Officer Coberly as to whether Coberly was a senior operator and whether he had been "observed on that particular evening by a senior operator," to which he answered in the negative. The court cited Ohio Adm.Code 3701–53–07(B), as follows:

"Breath tests used to determine whether an individual's breath contains a concentration of alcohol prohibited or defined by of [sic] division (A)(3) of section 4511.19, division of (A)(4) of section 1547.11, division (B) of section 2903.06, division (B) of section 2903.07 of the Revised Code, or any other statute or local ordinance prescribing a defined or prohibited breath-alcohol concentration shall be performed by a senior operator or an operator who is under the general direction of a senior operator. *General direction does not mean the senior operator must be physically present during the conduct of the test.* A senior operator shall be responsible for the care, maintenance, and calibration of the evidential breath testing instruments." (Emphasis added.)

The court then went on to rule that this testimony raised the issue of the qualifications of the breathalyzer operator with regard to the issue of general direction and, even after stating "surely, he was under the general direction of an operator," and that this issue arose by surprise to both parties, still "fundamental fairness does not require that there be testimony from the senior operator or supervisor," the trial court in spite of these statements suppressed the evidence "based on the lack of qualifications of the breathalyzer operator."

This decision, while issued on March 30, 1994, was not journalized at the time. Nevertheless, the city filed its notice of appeal on April 6, 1994. The procedural error was cured on November 23, 1994, when the trial court *nunc pro tunc* granted the motion to suppress as of March 30, 1994. The appeal then became timely pursuant to App.R. 4(C) and is properly before us for determination.

■ As stated earlier, the ruling by the trial court that the city had probable cause and grounds to arrest and that the breathalyzer test was conducted within the required two hour time limit are not challenged on appeal and will not be discussed further. We will instead focus on the only issue on appeal, which brings into question the validity of the trial court's suppressing the evidence on the grounds that the operator lacked qualifications.

■ It is settled law in Ohio that a motion to suppress evidence must make clear the grounds upon which the motion is based in order that the prosecutor may prepare his case and the court may know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. "Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." *Id.*, at 218, 524 N.E.2d at 892. Furthermore, Crim.R. 47 requires that a motion to the court shall be in writing and must "state with particularity the grounds upon which it is made * * *." The Supreme Court has stated that "this provision, in the context of the ruling case law and when applied to a motion to suppress evidence obtained by search and seizure, requires that the prosecution be given notice of the *specific legal and factual grounds* upon which the validity of the search and seizure is challenged." (Emphasis added.) *Id.* at 219, 524 N.E.2d at 892. This court has adhered to the above ruling in *Xenia*. *State v. Krasne* (Apr. 23, 1993), Montgomery App. No. 13421, unreported, 1993 WL 125427. In *Krasne*, we noted that "it will often be more important for the prosecution to have specific notice of the attack being mounted upon the administration of a breath test then it will be for the prosecution to have specific notice of the attack being mounted upon the probable cause for the initial stop." *Id.* at 7.

The *only* challenge to the breathalyzer given in the case *sub judice* was whether it was timely given within the two-hour limit. There is no way that the prosecution could have been put on notice that an issue would be later raised as to whether the operator was under the general direction of a senior operator by a challenge as to the timeliness of the test. This is not a case where we find that the challenge was too general, but rather we find that the challenge was so narrowly specific as to exclude all other possible challenges to the breathalyzer test.

Furthermore, the previously quoted exchange between Dabney's counsel and officer Coberly only established that he was not physically observed that particular evening by a senior operator. The Administrative Code specifically provides that a senior operator need not be physically present during the conduct of the test. Therefore, we find as a matter of law that this exchange during the hearing

did not raise any issue whatsoever as to whether Officer Coberly was under the general direction of a senior operator.

It was only after *both parties had rested* their cases that the trial court *sua sponte* apparently suggested there was an issue as to whether Officer Coberly was under the general direction of a senior operator, and called for memoranda on the question. The court's question obviously caught both parties by surprise and, without giving either party the opportunity to present evidence on the issue, the court subsequently ruled that because, in its belief, there was insufficient evidence to establish Officer Coberly's qualifications, the evidence of the breathalyzer test results should be suppressed.

We find from the record, as a matter of law, that there is no evidence whatsoever to support the decision of the trial court to suppress the evidence on grounds that the trial court itself had raised after both parties had rested their cases. Dabney argues in his brief on appeal that the trial court "implicitly found that the written motion gave adequate notice to the parties." There is no basis either in the record or in the court's decision for such an implicit finding, and it is obvious from the record that the only notice to the prosecution was the explicit statement that the motion to suppress was based on the timeliness of the breathalyzer test. Nor do the authorities cited by Dabney support his position.

In *State v. Hensley* (1992), 75 Ohio App.3d 822, 600 N.E.2d 849, the court indeed noted that breath test results should not be admitted if they are not accurate or properly administered and that the burden of going forward with the evidence to prove compliance of the applicable rules and regulations is "quickly shifted" to the state, *id.* at 827, 600 N.E.2d at 852, but only when the prosecutor and the court have been "put specifically on notice as to what the defendant is challenging." *Id.* at 828, 600 N.E.2d at 853.

*Aurora v. Kepley* (1979), 60 Ohio St.2d 73, 14 O.O.3d 273, 397 N.E.2d 400, merely held that the senior operator is not required to be physically present when the test is being administered.

At first glance, the appellee's strongest authority is *State v. Lambert* (1991), 71 Ohio App.3d 590, 594 N.E.2d 1112, where the court held that the state's failure to establish that the senior operator occasionally checked the machine required the suppression of the test results. Upon examination of that case, however, it is clear that the issue of general direction was fully presented at the hearing on the motion to suppress and no issue had been raised as to whether the state had proper notice of a challenge on those grounds. In fact, *Xenia, supra,* was not even cited in *Lambert.*

In *State v. Malott* (1992), 79 Ohio App.3d 393, 607 N.E.2d 508, the court of appeals found that there was no prejudice to the state when the motion to

suppress referred to the breath testing instrument as a "BAC Verifier" although the instrument was in fact an "Intoxilyzer." That finding has no relevance to the issue before us in the case *sub judice.*

On this appeal, the city has presented us with the following four assignments of error:

"Assignment of Error No. 1

"The lower court committed prejudicial error by suppressing evidence on grounds which were not raised in the appellee's written notice.

"Assignment of Error No. 2

"The trial court committed prejudicial error by placing the burden of proof upon the prosecution to establish compliance with Ohio Administrative Code Section 3701–53[–]07(B) when this issue was not raised in defendant's motion to suppress.

"Assignment of Error No. 3

"The trial court committed prejudicial error in finding that Officer Coberly was not qualified to perform the breath test upon the appellee.

"Assignment of Error No. 4

"The trial court committed prejudicial error in finding the appellant had not substantially complied with Ohio Administrative Code Section 3701–53[–]07(B)."

We find no need to discuss these assignments separately. We find that the fundamental error of the trial court was interjecting a new issue which was not supported by any evidence whatsoever, and basing its decision to suppress the evidence on this new issue, without giving the city the opportunity to present evidence on the issue. On this latter point, we find appropriate the remarks of Dean Pound in his address to the American Bar Association on September 29, 1941:

" 'In a court, the judges from their very training are impelled to conform their actions to certain known standards and to conform to settled ideals of judicial conduct. Professional habit and training lead them to hear both sides of every point scrupulously. Rules of law which have entered into their everyday habits of action lead them to insist that everything upon which they are to base an order or judgment must be before them in such a way that no party to be affected can be cut off from full opportunity to explain or refute it or challenge its application to his case. * * *' " *Zangerle v. Evatt* (1942), 139 Ohio St. 563, 574–575, 23 O.O. 52, 56–57, 41 N.E.2d 369, 374.

It seems quite obvious that the action of the trial court was prejudicial error to the city. The trial judge, in her commendable zeal to reach a correct result,

inadvertently crossed the boundary between the judicious and impartial conduct of a trial and the advocacy of one party's case.

For all the above reasons, we sustain Assignments of Error Nos. 1, 2, and 3, and do not rule on Assignment of Error No. 4 as we find it to be moot. We see no need to reopen the hearing on the motion to suppress. Dabney has already had his one bite of that apple.

We hold that the motion to suppress was improperly sustained. We enter judgment overruling the motion to suppress, and hereby reverse and remand the cause for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and WOLFF, JJ., concur.