OPINION
Plaintiff-appellant, the State of Ohio, appeals a decision of the Warren County Court of Common Pleas granting the motion to suppress evidence of defendant-appellee, Mark Mixner ("Mixner"). We reverse the decision of the trial court.[1]
On December 7, 2001, West Carrolton Police Officer Brenda Andrew was dispatched to the area of South Alex Road at approximately 2 a.m. The dispatch was the result of a call from a woman reporting that her daughter had been stopped by a man in a red Chevrolet Blazer impersonating a police officer. The mother indicated that a man followed her daughter from one of the area bars, stopped her vehicle, took her out of the car, put her in his car and asked for sexual favors.
Officer Andrew testified that earlier in the evening she had noticed a red Chevrolet Blazer with a white male in the driver's seat in the parking lot of Sparky's Bar, which is about half a mile from Bojangles Bar. She indicated she noticed the vehicle while doing a bar check because the driver was just sitting in the car in the middle of the lot. She felt it was unusual, so she noted what the car looked like and watched it for a while.
After the dispatch, Officer Andrew went to the 1900 block of South Alex Road, where Bojangles is located, and began checking the lot to see if she could find a similar car in the area. She noticed a red Blazer backed in with a white male sitting in it. She noted that the vehicle did not have a front license plate and pulled around in the lot to look at the rear license plate. As she pulled behind the Blazer, it pulled out of the parking space and went to the exit. Officer Andrew followed the Blazer and called in the rear license plate information before stopping the vehicle. She approached the driver and explained that she was checking the area for a vehicle that matched its description. As a result of the investigation that followed the stop, Mixner was arrested.
A grand jury indicted Mixner for kidnapping pursuant to R.C.2905.01(A)(4), impersonating a peace officer pursuant to R.C. 2951.51(D) and possession of criminal tools pursuant to R.C. 2923.24(A). Mixner filed a motion to suppress his oral and written statements. The trial court held a hearing on the motion and, in a written decision, granted the motion to suppress.
The state appeals the trial court's decision to grant the motion and raises the following assignment of error:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT, IN SUPPRESSING THE STOP OF DEFENDANT-APPELLEE'S VEHICLE AND THEREBY PROHIBITING PLAINTIFF-APPELLANT FROM USING AS EVIDENCE, ITEMS SEIZED AND STATEMENTS OBTAINED AS A RESULT OF THE STOP OF DEFENDANT-APPELLEE'S VEHICLE.
The state raises two separate issues for our review. First, it argues that the issue of the constitutionality of the stop was not properly raised as an issue in Mixner's motion to suppress. Second, the state argues that even if the issue was properly raised, Officer Andrew possessed reasonable articulable suspicion to justify the stop of appellant's vehicle.
We begin with the issue of whether Mixner properly raised the issue of the constitutionality of the initial stop. The motion to suppress filed by Mixner requests that the court suppress "any and all oral or written statements made by Mark Mixner" and "any evidence which is the fruit of the illegally obtained oral and/or written statements." The memoranda attached to Mixner's motion states:
 Mark Mixner has been diagnosed as being mentally ill. At the time of his interrogation by the police department, such mental illness was used and improperly abused by the law enforcement agency who interrogated him. His waiver of his Miranda rights was not knowingly made, and therefore, his statement was made under duress and in violation of Miranda v. Arizona, 384 U.S. 436 (1966) [sic].
However, the trial court did not grant the motion to suppress on the basis of Miranda warnings, as raised in the motion to suppress. Instead, the trial court considered whether Officer Andrew had reasonable suspicion to stop Mixner's vehicle and found insufficient information to form reasonable suspicion.
Motions in criminal cases are governed by Crim.R. 47, which states:
 [A]n application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon written statements or reasons in support and opposition.
To suppress evidence obtained as a result of a warrantless search or seizure, the defendant must raise the grounds on which the validity of the search or seizure is challenged with enough specificity to give the prosecutor notice of the basis for the challenge. Xenia v. Wallace
(1988), 37 Ohio St.3d 216, paragraph one of the syllabus; see, also, Crim.R. 47. Once a defendant demonstrates a warrantless search or seizure and clarifies the grounds on which he challenges the legality of the search, the prosecutor bears the burden of proof and must present evidence on the specific issues raised regarding the search or seizure.Xenia, 37 Ohio St.3d at paragraph two of the syllabus. "By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." State v. Shindler (1994), 70 Ohio St.3d 54,58.
Mixner does not dispute that his written motion to suppress did not challenge the validity of the initial stop of his vehicle. Instead, he argues that the issue was raised orally prior to the hearing. The state argues that it is not clear in the record whether or not Mixner ever contested the validity of the initial stop. At the start of the hearing, the trial court asked whether the issues had been limited. In response, Mixner's attorney stated:
 That is correct, Your Honor. At this time the motions are limited only to the initial stop and what occurred on the initial stop, when Miranda warnings were given and whether there was any questioning of the Defendant prior to the Miranda warnings being given.
Mixner argues that this statement supports his contention that the propriety of the initial stop was orally raised at least as early as the date of the hearing. The state, however, argues that this statement limits the Miranda warning issues to only those that occurred at the time of the initial stop, and not the Miranda warnings that were given at a later time following Mixner's arrest. The state argues that the prosecutor did not object because the statement was a limitation, not an expansion, of the issues raised in the motion to suppress.
Because the written motion was not sufficient to place the prosecutor on notice that the issue of the legality of the stop was being contested, we must determine whether the issue was properly raised orally either before or during the hearing.
While Crim.R. 47 allows for the possibility of oral motions, the wisdom of requiring written motions to suppress evidence is self-evident. The purpose of the requirement that a motion state "with particularity the specific grounds upon which it is made" is to provide the prosecution with notice of the issues that are challenged. Shindler,70 Ohio St.3d at 58. The prosecution must know what issues are contested prior to the hearing in order to be prepared with the necessary evidence, witnesses and questioning to defend against the motion. See Shindler,70 Ohio St.3d at 58; see, also, Dayton v. Dabeny (1994), 99 Ohio App.3d 32; Statev. Lautzenheiser (1991), 71 Ohio App.3d 461, 464.
In this case, although Mixner filed a written motion to suppress, the motion did not raise the issue of the legality of the stop of Mixner's vehicle. Pretrial motions must "be made within thirty-five days after arraignment or seven days before trial, whichever is earlier" or the issue is waived. Crim.R. 12(C). If a motion is not filed raising a particular suppression issue, that issue is waived. See Shindler,70 Ohio St.3d at 58; Crim.R. 12(G). When Mixner filed a motion to suppress evidence, he put the prosecution on notice that the issue of Miranda
warnings was challenged, and, by omission, that all other issues, including the legality of the stop, were waived. See Shindler,70 Ohio St.3d at 58; Crim.R. 12(G).
Crim.R. 12(G) provides that "the court for good cause shown may grant relief from the waiver." Courts have held that the trial court has discretion to decide whether to allow a defendant to add additional issues at a hearing on a previously filed motion to suppress. State v.Wells (1983), 11 Ohio App.3d 217, 219-20; State v. Darst (Sept. 2 1997), Athens App. No. 97 CA 15, unreported. In Wells, the Sixth District Court of Appeals held that:
 [T]he trial court, in its discretion, may permit defense counsel to supplement orally a previously filed motion to suppress if the issues raised by that motion, and those sought to be raised during the hearing, stem from the same (or common) facts that are so interrelated that disposition of those issues together would be reasonable and the prosecution would not be prejudiced thereby. Even if the court finds the prosecution would not be prejudiced by a decision to hear and decide the supplemental issue, the court, if requested to do so, may grant a reasonable continuance to enable the prosecution to prepare and file a responsive memorandum addressing the supplemental issue.
We agree with the reasoning expressed by the Sixth District as it balances the requirement that the prosecution be put on notice of the issues it must be prepared to address in a motion to suppress hearing with the need for judicial economy. Thus, we find that a trial court may allow a defendant to supplement a previously filed motion to suppress with additional issues. However, additional issues may only be added if the addition does not prejudice the prosecution. If the prosecution is prejudiced in that it is not prepared to address the additional issue, or if the prosecution requests a continuance, the trial court should grant a continuance to enable the prosecution to prepare to meet its burden of proof on the issue.
We now turn to the facts of the case before us to determine whether the issues were properly supplemented at the hearing. Both sides vigorously dispute what issues were discussed as contested issues prior to the hearing. As mentioned above, both parties attach different interpretations of the trial court's statement regarding the disputed issues. Based on the evidence in the record before us, we cannot find that the issue of the constitutionality of the initial stop was properly raised. The trial court's statement could be interpreted in either of the ways advanced by the parties. In addition, we find no affirmative agreement of the prosecution that adding additional issues would not create prejudice.
In order to bolster their individual interpretations of what issues the parties agreed were to be decided at the hearing, each party filed a motion to supplement the record with this court. As evidence in support of their interpretation of the issues, the parties requested this court consider an affidavit from defense counsel and a recording of an answering machine message left with the prosecutor. This court, however, denied the parties' motion to supplement the record, finding that it was not appropriate to submit conflicting versions of the events that occurred below to the court of appeals for the purpose of allowing the court of appeals to resolve conflicts. See App.R. 9.
Accordingly, we hold that if additional issues are to be added to a previously filed motion to suppress, the record must unequivocally reflect a specific request to add those issues. In addition, the prosecution must either specifically agree to the addition on the record or state how such addition would prejudice its case or request a continuance if necessary. Discussions off the record, statements of the issues, presenting evidence or questioning on an additional issue are not sufficient ways to formally supplement the issues in a motion to suppress. The request to supplement the issues and the prosecution's agreement to the addition must be clearly stated on the record.[2] As stated above, this court can only review the statements properly in the record and cannot resolve conflicts regarding what occurred before the trial court. Thus, in this case, we find that the issue of the constitutionality of the initial stop was not properly before the trial court.
Mixner argues that if this court finds the issue of the constitutionality of the initial stop was not properly raised, pursuant to our decision in State v. Sharp (Dec. 29, 1997), Warren App. No. CA97-01-011, unreported, we should remand this case for a further hearing. However, we find a remand unnecessary under the facts of the case before us. In its second issue for our review, the state argues that even if the issue of the constitutionality of the stop had been properly raised, the evidence established reasonable articulable suspicion for Officer Andrew to stop Mixner's vehicle. We agree.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. See, e.g., UnitedStates v. Hensley (1985), 469 U.S. 221, 226, 105 S.Ct. 675, 678. Accordingly, a police officer must be able to cite to articulable facts that give rise to a reasonable suspicion that an individual is currently engaged in or is about to engage in criminal activity to conduct an investigatory stop within the parameters of the Fourth Amendment. Terryv. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880; Maumee v. Weisner
(1999), 87 Ohio St.3d 295, 299.
The reasonable suspicion necessary for an investigative police stop of a motorist eludes precise definition. Maumee, 87 Ohio St.3d at 299. Reasonable suspicion connotes something less than probable cause, but something more than an "inchoate and unparticularized suspicion or hunch." Terry, 392 U.S. at 27. Rather than involving a strict, inflexible standard, the existence of reasonable suspicion must be determined in light of the totality of the circumstances. Maumee,87 Ohio St.3d at 299; State v. Freeman (1980), 64 Ohio St.2d 291, 295.
The trial court found that Officer Andrew's testimony lacked specificity as to "the precise geographic point of origin; the state in which the vehicle was registered * * *; the model year or shade of red of the vehicle; that the driver was Caucasian; or even that the driver was a male." The trial court took judicial notice of the fact that "the streets of greater Dayton, Ohio, are replete with Chevy Blazers of varying model years and shades of red" and found "insufficient information to form reasonable suspicion as a matter of law."
We find that the trial court erred when it failed to find reasonable suspicion to stop Mixner's vehicle. While some of the details that were lacking in Officer Andrew's testimony would have been helpful,[3] the failure to include the precise details of the dispatch was not fatal. Officer Andrew's testimony indicates that she was dispatched to a particular area of South Alex Road to search for a man in a red Chevrolet Blazer who had followed a woman from a bar in the area. She had previously noticed a man in a red Blazer acting suspiciously. Officer Andrew went to the area, and into a bar parking lot, where she spotted a male in a red Chevrolet Blazer. She followed him when he left and stopped his vehicle to determine if he was the suspect.
While Mixner's vehicle may not have been the only red Chevrolet Blazer out in the early morning hours that day, we find that under the circumstances, Officer Andrew had reasonable suspicion to perform an investigatory stop. She saw a red Chevrolet Blazer matching the dispatch description at 2 a.m. in the area involved. Her decision to stop the vehicle to investigate was not a violation of Mixner's constitutional rights.
In conclusion, we find that the state's assignment of error has merit. Mixner did not sufficiently raise the issue of the constitutionality of the stop, either in his motion, or at the hearing. However, even on the limited facts presented at the hearing, we find that Officer Andrew had reasonable suspicion to stop the vehicle. Accordingly, the decision of the trial court to suppress evidence is reversed.
Judgment is reversed and case remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN and POWELL, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] We note that in State v. Sharp (Dec. 29, 1997), Warren App. No. CA97-01-011, unreported, this court reversed the trial court's decision to suppress evidence because the issue was not raised in the defendant's motion to suppress. In a dissenting opinion, it was noted that the state failed to object and had stated that the issue was to be decided at the hearing. The only issue discussed by the majority was whether the written motion was sufficient to put the prosecution on notice of the issues to be decided pursuant to Shindler. The issue of the sufficiency of an oral motion to add additional issues, if one existed in that case, was not before the court at that time.
[3] We note that Officer Andrew did testify that the dispatch stated aman was involved and that she observed a male in the Blazer before she stopped the vehicle.