[Cite as *State v. Skeens*, 2018-Ohio-1610.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DESIRRA N. SKEENS | : | Case No. 2017 AP 11 0030 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Tuscarawas County
Court of Common Pleas, Case No.
2017 CR 05 0120

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT:    April 24, 2018

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

MICHAEL J. ERNEST                    MARK A. PERLAKY
Assistant Prosecuting Attorney        Assistant Public Defender
Tuscarawas County Prosecutor's Office   Tuscarawas County Public Defender
125 East High Avenue                153 North Broadway St.
New Philadelphia, Ohio 44663         New Philadelphia, Ohio 44663

*Baldwin, J.*

{¶1} Plaintiff-appellant State of Ohio appeals from the October 31, 2017 Judgment Entry of the Tuscarawas County Court of Common Pleas granting the Motion to Suppress filed by defendant-appellee Desirra N. Skeens.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 19, 2017, the Tuscarawas County Grand Jury indicted appellee on one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree. At her arraignment on June 9, 2017, appellee entered a plea of not guilty to the charge.

{¶3} Appellee, on August 2, 2017, filed a Motion to Suppress. Appellee, in her motion, argued that the arresting officer did not have reasonable and articulable suspicion or probable cause to stop appellee's vehicle and did not have reasonable and articulable suspicion to prolong appellee's detention in order to wait for a drug-sniffing canine to arrive.

{¶4} A hearing on the Motion to Suppress was held on September 18, 2017. At the hearing, Sergeant Joel Smith of the Ohio State Highway Patrol testified that he was traveling southbound on Interstate 77 on October 25, 2016 in a marked patrol car when he observed the vehicle in which appellee was traveling following too close to another vehicle. Sergeant Smith stopped the vehicle and had the driver exit the same and come over to the patrol car. He testified that he asked the man for his driver's license and the man told Sergeant Smith that he did not have a license because it had been suspended.

{¶5} Sergeant Smith testified that the man told him that they were coming from Cleveland and going back to West Virginia after visiting his cousin and that "she [appellee]

was with him for the ride and a friend rented the car." Transcript at 6-7. Neither appellee nor the driver knew who had rented the car. Appellee did not know the driver's first name, even though she indicated that she had known him since June, and the driver did not know appellee's name. Sergeant Smith then called for the canine handler to the scene to conduct a sniff of the exterior of the vehicle. Approximately seven minutes after the traffic stop was initiated, the canine unit arrived on the scene. After the canine indicated to the odor of narcotics coming from inside the vehicle, appellee was placed in the back seat of the patrol car while a search of the vehicle was conducted. No narcotics were found in the vehicle.

{¶6} On cross-examination, Sergeant Smith admitted that he did not indicate that the driver of the vehicle in which appellee was a passenger was impaired, did not smell any odor of narcotics in the vehicle, and did not indicate in his report anything about nervousness.

{¶7} On redirect, Sergeant Smith testified that after the search of the vehicle was completed, he had appellee step out of the patrol car and reviewed his in-car video. He testified that the video recorded the driver of the vehicle asking appellee "You don't have anything on you do you?" and appellee responding "Well yeah, I have a few but it's up inside me." Transcript at 24. After Sergeant Smith confronted appellee, she voluntarily retrieved the cocaine from her pants.

{¶8} Following the testimony, a video of the traffic stop was marked and admitted as an exhibit.

{¶9} The trial court, as memorialized in a Judgment Entry filed on October 31, 2017, granted the Motion to Suppress. The trial court, in its Judgment Entry, found that

Sergeant Smith had probable cause to make the initial traffic stop. However, the trial court found that appellee was wrongfully detained for what the trial court estimated to be approximately twenty to thirty minutes while Sergeant Smith viewed the video/audio recording of appellee and the driver of the vehicle. The trial court further held that the "[t]he surreptitious filming/recording of the Defendant in the rear seat of the Ohio State Highway Patrol cruiser" was fundamentally unfair and violated appellee's constitutional rights and that the necessary warnings intended for suspects under *Miranda v. Arizona*, 384 U.S. 436 (1966) were not provided to appellee, who was in custody.

{¶10} Appellant now appeals from the trial court's October 31, 2017 Judgment Entry, raising the following assignments of error on appeal:

{¶11} I. THE TRIAL COURT COMMITTED REVERSABLE (SIC) ERROR BY SUPPRESSING STATEMENTS SUA SPONTE ON AN ISSUE NOT RAISED BY THE PARTIES OR COURT.

{¶12} II. THE TRIAL COURT COMMITTED REVERSABLE (SIC) ERROR BY SUPPRESSING STATEMENTS AND OTHER EVIDENCE ON THE BASIS THAT THE APPELLEE'S CONSTITUTIONAL RIGHTS WERE VIOLATED WHILE BEING DETAINED IN THE OHIO STATE HIGHWAY PATROL CRUISER.

I

{¶13} Appellant, in its first assignment of error, argues that the trial court committed reversible error by granting the Motion to Suppress on an issue not raised by the parties or the trial court.

{¶14} " 'It is settled law in Ohio that a motion to suppress evidence must make clear the grounds upon which the motion is based in order that the prosecutor may

prepare his case and the court may know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits.' " *State v. Byrnes,* 2d Dist. Montgomery No. 25860, 2014-Ohio-1274, ¶ 10, quoting *Dayton v. Dabney,* 99 Ohio App.3d 32, 37, 649 N.E.2d 1271 (2d Dist.1994), citing *Xenia v. Wallace,* 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988). In particular, Crim.R. 47 specifies that a motion to the trial court "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." "The Supreme Court [of Ohio] has stated that 'this provision, in the context of the ruling case law and when applied to a motion to suppress evidence obtained by search and seizure, requires that the prosecution be given notice of the *specific legal and factual grounds* upon which the validity of the search and seizure is challenged.' " (Emphasis sic.) *Byrnes* at ¶ 10, quoting *Dabney* at 37, quoting *Wallace* at 219. In *Dabney,* the court concluded that the trial court "interjecting a new issue which was not supported by any evidence whatsoever, and basing its decision to suppress the evidence on th[at] new issue, without giving the city the opportunity to present evidence on the issue" "was prejudicial error to the city." *Dabney* at 39.

{¶15} However, the trial court is not required to sit on its proverbial hands if an issue germane to the suppression argument arises. A trial court "is free to expand the scope of a suppression hearing beyond the issues specified in the motion to suppress ' so long as the matters within the expanded scope were material to the suppression sought, and so long as the State had a reasonable opportunity to prepare itself for the hearing.' " *Byrnes,* at ¶ 12, quoting *State v. Blackburn,* 2d Dist. Clark No. 3084, 1994 WL 95224 (Mar. 23, 1994). Conversely, a trial court's rogue detour at a suppression hearing does not put the State on notice of an issue to be decided. *Dabney,* supra at 39.

**{¶16}** If a trial court grants a motion to suppress based on an issue that falls outside the scope of the motion, the state may not have been provided with an opportunity to adequately prepare arguments and present evidence on that issue and the trial court would err in granting the motion to suppress on that basis. *State v. Duke,* 9th Dist. Lorain No. 12CA10225, 2013–Ohio–743, ¶ 11. The question, therefore, is whether the trial court indicated the issue it was considering, and whether the parties were given an opportunity to prepare and present arguments on that issue. *State v. Tyson,* 3rd Dist. Marion No. 914–49, 2015–Ohio–3530, 41, ¶ 35.

**{¶17}** The trial court, in the case sub judice, stated, in part, that the Motion to Suppress should be granted for the following reason:

**{¶18}** The determination of Defendant after the approximate twenty (20) minute search of the motor vehicle in question for another approximate twenty (20) to thirty (30) minutes during which Sgt. Smith viewed and/or listened (or both) to the surreptiously obtained audio/video of the Defendant and her companion to determine if any evidence of criminal conduct of either would be revealed, simply cannot be countenanced by the undersigned, especially in light of the fact that the motor vehicle search did not result in the discovery of any contraband in the vehicle.

**{¶19}** We concur with appellant that the twenty to thirty minute delay which the trial court referred to and used in part to suppress evidence was not mentioned by appellee in either her Motion to Suppress, during the suppression hearing or in her memorandum in support of her Motion to Suppress. Appellee argued that Sergeant Smith had no reason to prolong the stop of the vehicle in order to allow the drug-sniffing canine to conduct a sniff of the vehicle. As noted by appellant, "[a] review of the appellee's motion

and memorandum in support as well as the transcript in this matter does not reveal any inquiry or any challenge to the time it took to conduct the review of the in-car video by Sgt. Smith."

{¶20} Based on the foregoing, we find that appellant was not put on notice that the issue of whether or not appellee was wrongfully detained for the time during which Sergeant Smith reviewed the in-cruiser video/audio recording of appellee and the driver of the vehicle would be considered by the trial court and did not have an opportunity to present evidence or legal authority as to such issue. We find that the trial court committed reversible error by suppressing statements sua sponte on an issue not raised by the parties or the court.

{¶21} Appellant's first assignment of error is, therefore, sustained.

II

{¶22} Appellant, in its second assignment of error, argues that the trial court committed reversible error by suppressing statements and other evidence on the basis that appellee's constitutional rights were violated while being detained in the Ohio State Highway Patrol cruiser.

{¶23} The trial court, in its October 31, 2017 Judgment Entry, found that appellee was in custody while in the back of the Ohio State Highway Patrol cruiser and should have been advised of her *Miranda* rights, but was not. The trial court based its decision to grant appellee's Motion to Suppress, in part, also on such finding.

{¶24} However, as noted by appellant, issues regarding whether or not appellee's *Miranda* rights were violated were not raised by appellee in her Motion to Suppress or at

the hearing or by the trial court.  Appellant was not given an opportunity to prepare and present arguments on such issue.

**{¶25}** Appellant's second assignment of error is, therefore, sustained.

**{¶26}** Accordingly, the judgment of the Tuscarawas County Court of Common Plea is reversed and this matter is remanded to the trial court for further proceedings consistent with this Opinion.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.