[Cite as *State v. Byrnes*, 2014-Ohio-1274.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellant

v.

SPENCER BYRNES

       Defendant-Appellee


Appellate Case No.    25860

Trial Court Case No.   2013-TRC-5770


(Criminal Appeal from
 Municipal Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 18th day of March, 2014.

. . . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, Assistant City of Dayton Prosecutor, 335 West Third Street, Room 372, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

STEPHANIE ALLEN, Atty. Reg. No. 0080702, 3640 Colonel Glenn Highway, B015 Student Union, Dayton, Ohio 45435
     Attorney for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}  Plaintiff-appellant, the State of Ohio, appeals from the decision of the Dayton Municipal Court sustaining a motion to suppress evidence filed by defendant-appellee, Spencer Byrnes.  For the reasons outlined below, the judgment of the trial court will be reversed and remanded for further proceedings consistent with this opinion.

**Facts and Course of Proceedings**

{¶ 2}  On May 1, 2013, Sergeant Christopher Malson of the City of Dayton Police Department was traveling eastbound in his police cruiser on Third Street in Dayton, Ohio, when he observed a silver vehicle traveling in the opposition direction without a front license plate.  While passing the vehicle, Malson also observed that the driver, later identified as Byrnes, was not wearing his safety belt.  Upon noticing these violations, Malson turned his cruiser around to follow Byrnes's vehicle for purposes of issuing a citation.  As Malson turned around, Byrnes parked his vehicle onto a side street and began walking down the street with the passenger of his vehicle.  When Malson made contact with Byrnes and the passenger, he noticed that both of them smelled of alcohol and had slurred speech.  Thereafter, Malson conducted a field sobriety test and cited Byrnes for operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1).  Byrnes was also cited for not having a front license plate in violation of R.C. 4503.21(A), and failing to wear a safety belt in violation of R.C. 4513.263(B)(1).

{¶ 3}  On May 3, 2013, Byrnes was arraigned and pled not guilty to all of the charges against him.  Following a pretrial conference, Byrnes filed a motion to suppress all evidence that was obtained after Malson initially stopped him. The written motion contained a heading summarizing Byrnes's argument, which stated that: "The arresting officer lacked reasonable

suspicion to make the initial stop and once detained, lacked cause to arrest the Defendant." However, the motion only specifically addressed the issue of whether there was reasonable articulable suspicion and probable cause for Malson to initially stop Byrnes. Byrnes did not include any argument regarding his subsequent detention for sobriety testing.

{¶ 4} A hearing on the motion to suppress was held on July 23, 2013. At the beginning of the hearing, the State indicated that it believed the only issue raised in Byrnes's motion to suppress was whether Malson had probable cause to initially stop Byrnes. In response, the trial court said: "I've read the * * * motion to suppress and the only issue raised is whether there was a reasonable articulable suspicion or probable cause to stop." Trans. (July 23, 2013), p. 3. The defense did not object to the court's statement, and restricted its questioning to that single issue during the hearing.

{¶ 5} After the motion to suppress hearing, the trial court issued a decision granting Byrnes's motion to suppress. In so holding, the trial court determined that Malson had probable cause to stop Byrnes due to his witnessing the license plate and safety belt violations, but concluded that Malson's continued detention of Byrnes was unlawful, because he did not have a reasonable articulable suspicion that Byrnes was impaired or under the influence. Following the trial court's decision, the State filed a motion to reconsider, which the trial court denied.

{¶ 6} The State now appeals from the trial court's decision granting Byrnes's motion to suppress, raising one assignment of error.

## Assignment of Error

{¶ 7} The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEE'S MOTION TO SUPPRESS. THE TRIAL COURT INCORRECTLY ADDRESSED THE ISSUE OF WHETHER THE OFFICERS HAD A REASONABLE ARTICULABLE SUSPICION TO DETAIN THE [APPELLEE] FOLLOWING THE STOP FOR THE PURPOSE OF INVESTIGATING THE APPELLEE'S IMPAIRMENT. THE ISSUE OF POST STOP DETENTION WAS NOT RAISED AS AN ISSUE IN THE APPELLEE'S WRITTEN MOTION AND WAS NOT RAISED PRIOR TO THE START OF THE MOTION HEARING. THE APPELLANT THEREFORE DID NOT ADDRESS THIS ISSUE AS IT WAS NOT BEFORE THE COURT AND/OR LACKED NOTICE THAT IT WAS AN ISSUE BEFORE THE COURT.

{¶ 8} Under its sole assignment of error, the State argues that the trial court erroneously ruled on the issue of whether Sergeant Malson had a reasonable articulable suspicion to detain Byrnes beyond the initial stop, because that issue was not raised in Byrnes's motion to suppress nor argued by Byrnes during the motion to suppress hearing. In addition, the State argues that the trial court confirmed at the motion to suppress hearing that the only issue presented in Byrnes's motion concerned whether there was probable cause for the initial stop. The State maintains that it did not have notice that the court would also be addressing probable cause for the post-stop detention, and contends that it was prejudiced by the lack of notice, because it would have otherwise presented evidence on this issue at the hearing.

{¶ 9} This court addressed a similar scenario in *Dayton v. Dabney*, 99 Ohio App.3d 32, 649 N.E.2d 1271 (2d Dist.1994). In *Dabney*, the defendant's motion to suppress contained only

two issues for the trial court to review, and the hearing on the motion only proceeded on those two issues. *Id*. at 34. After the hearing, however, the defendant raised a third suppression issue in a supplemental memorandum. *Id*. at 35. In response, the City of Dayton filed an opposing memorandum pointing out the fact that the third issue had not been raised during the motion to suppress hearing and that the City had not been put on notice of that issue. *Id*. The City further requested that, if the third issue needed to be clarified, the court reopen the motion to suppress hearing so that the City could present testimony and evidence regarding the third issue. *Id*. Instead, the trial court ruled on all three issues, and granted the motion to suppress based on the third issue. *Id*. at 36.

{¶ 10} Thereafter, the City appealed the trial court's decision arguing that the court committed prejudicial error in suppressing evidence on grounds that were: "(a) not raised in Dabney's motion to suppress, (b) not raised in the hearing on the motion to suppress, (c) not supported by any evidence before the court, (d) only raised *sua sponte* by the trial court after both parties had rested their cases, and (e) susceptible of refutation by the city as a factual issue but the city was given no opportunity to provide any such evidentiary refutation." *Id*. at 33. In light of the City's argument, this court noted that:

> It is settled law in Ohio that a motion to suppress evidence must make clear the grounds upon which the motion is based in order that the prosecutor may prepare his case and the court may know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. "Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that

issue on appeal." *Id*. at 218, 524 N.E.2d at 892. Furthermore, Crim.R. 47 requires that a motion to the court shall be in writing and must "state with particularity the grounds upon which it is made * * *." The Supreme Court has stated that "this provision, in the context of the ruling case law and when applied to a motion to suppress evidence obtained by search and seizure, requires that the prosecution be given notice of the *specific legal and factual grounds* upon which the validity of the search and seizure is challenged." (Emphasis added.) *Id*. at 219, 524 N.E.2d at 892. This court has adhered to the above ruling in *Xenia. State v. Krasne* (Apr. 23, 1993), Montgomery App. No. 13421, unreported, 1993 WL 125427.

*Dabney* at 37.

{¶ 11} Based on the foregoing, we reversed and remanded the trial court's decision in *Dabney*, explaining "that the fundamental error of the trial court was interjecting a new issue which was not supported by any evidence whatsoever, and basing its decision to suppress the evidence on this new issue, without giving the city the opportunity to present evidence on the issue." *Dabney*, 99 Ohio App.3d at 39, 649 N.E.2d 1271. We further concluded that "the action of the trial court was prejudicial error to the city." *Id*.

{¶ 12} Additionally, in *State v. Blackburn*, 2d Dist. Clark No. 3084, 1994 WL 95224 (Mar. 23, 1994), this court concluded that a trial court is free to expand the scope of a suppression hearing beyond the issues specified in the motion to suppress "so long as the matters within the expanded scope were material to the suppression sought, *and so long as the State had a reasonable opportunity to prepare itself for the hearing*." (Emphasis added.) *Id*. at 4.

{¶ 13}   In the case before us, Byrnes's motion to suppress did not present any argument regarding the post-stop detention, but merely addressed the issue of whether there was reasonable articulable suspicion and probable cause for Sergeant Malson to stop Byrnes.   Moreover, the trial court confirmed at the motion to suppress hearing that "the only issue raised is whether there was a reasonable articulable suspicion or probable cause to stop."   Trans. (July 23, 2013), p. 3.   If the trial court's understanding was incorrect, the defense had the obligation to correct the court so that the court and the prosecution would be put on notice of the issues to be decided.   *See State v. Schindler*, 70 Ohio St.3d 54, 58, 636 N.E.2d 319 (1994) ("the defendant must state the motion's legal and factual basis with sufficient particularity to place the prosecutor and court on notice of the issues to be decided.")   Here, however, the defense did not correct the court, but instead, proceeded with the hearing as if the trial court had properly interpreted the motion as involving only one issue.   Therefore, the State was clearly not provided notice of the second issue regarding Byrnes's continued detainment.

{¶ 14}   Also, the trial court in this case interjected a new issue that was not a subject of the motion to suppress hearing and based its judgment on the new issue.   If the trial court had later changed its mind about the scope of the hearing, it should have informed the parties so that the second issue could have been fairly litigated.   Here, the State had no notice that the trial court would be considering the post-stop detainment, and thus did not have a reasonable opportunity to prepare itself for addressing that issue at the hearing.   Therefore, the State was unfairly prejudiced by the trial court's decision to address the latent issue.

{¶ 15}   For the foregoing reasons, Byrnes's motion to suppress was improperly granted by the trial court.   As a result, the motion to suppress shall be reopened to allow the State to

address the issue of whether there was probable cause to continue to detain Byrnes for sobriety testing.   The State's sole assignment of error is, therefore, sustained.

## Conclusion

{¶ 16}   Having sustained the State's sole assignment of error, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Amy B. Musto
Stephanie Allen
Hon. Deirdre E. Logan