[Cite as *State v. Day*, 2018-Ohio-2217.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO

    *Plaintiff-Appellant*

v.

ANTWANE M. DAY

    *Defendant-Appellee*

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 27770

Trial Court Case No. 2017-CR-1896

(Criminal Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

SUSAN F. SOUTHER, Atty. Reg. No. 0058529, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Pursuant to R.C. 2945.67(A) and Crim.R. 12(K), plaintiff-appellant, the State of Ohio, appeals from the judgment of the Montgomery County Court of Common Pleas granting defendant-appellee Antwane M. Day's motion to suppress. For the reasons outlined below, the judgment of the trial court will be reversed and the matter will be remanded to the trial court for further proceedings.

**Facts and Course of Proceedings.**

{¶ 2} On July 14, 2017, Day was indicted for one count of trafficking marijuana in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. Following his indictment, Day filed a motion to suppress evidence on grounds that:

[T]he stop and search of Defendant and the subsequent seizure of evidence were accomplished without the benefit of a duly issued and executed search warrant, were not conducted with the knowledgeable consent of Defendant, were not based upon probable cause, or within the scope of a search incident to a lawful arrest. Further, it does not appear that exigent circumstances required an immediate search of Defendant. Such a search and seizure constitutes a denial of Defendant's rights as guaranteed by the Fourth Amendment to the Constitution of the United States, and also guaranteed by the Constitution of the State of Ohio.

Motion to Suppress (Aug. 24, 2017), Montgomery County Court of Common Pleas Case

No. 2017-CR-1896, Docket No. 13, p. 1.

{¶ 3} Day also argued in his motion that his statements to law enforcement officers were obtained in violation of his rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; however, this argument was not developed at the suppression hearing. Instead, Day focused on the issue of whether the arresting officer had probable cause to arrest him. Trans. p. 53-54.

{¶ 4} The suppression hearing was held on September 7, 2017. The only witness to testify at the hearing was Officer Jason Olson of the Dayton Police Department. Olson testified that on June 15, 2017, he was driving by a neighborhood park in Dayton, Ohio, when he observed Day and a female standing on opposite sides of a chain-link fence engaging in a hand to hand exchange. Olson indicated that Day was standing in the backyard of a house that abutted the park while the female was standing inside the park grounds. Olson testified that based on his training and experience, he knew that it was common for drugs to be exchanged in such a manner and therefore decided to make contact with the female.

{¶ 5} Olson testified that the female was startled by his presence and that she placed a plastic baggie into her pocket as he approached. Based on his training and experience with drugs being packaged in plastic baggies, Olson testified that he believed the plastic baggie in the female's pocket contained drugs. Continuing, Olson testified that as he began to handcuff the female and pull the baggie from her pocket, she told him "it's only marijuana, it's only marijuana." Trans. p. 12. Olson thereafter testified that he placed the female in his cruiser where she explained that "she was just buying marijuana for a friend[.]" Trans. 13. Olson further testified that the baggie retrieved from the

female's pocket contained marijuana.

{¶ 6} After his interaction with the female, Olson testified that he radioed a Montgomery County Sheriff's Deputy who he knew was in the immediate area and instructed the deputy to make contact with Day. Olson testified that the deputy was "able to walk around the other side of the house [where Day had been standing] and—and had an interaction with Mr. Day and then he brought him back to his cruiser at that point." Trans. at 14. Olson then testified that he advised Day of his *Miranda* rights and that Day indicated he understood his rights and agreed to speak to Olson without an attorney present. Trans. 18. Olson further testified that Day admitted to selling marijuana, but that no physical evidence was recovered from Day's person.

{¶ 7} Following the suppression hearing, on October 11, 2017, the trial court issued a decision that included the following findings of fact:

On June 15, 2017 DPD Officer Ols[o]n was in a marked cruiser and observed a transaction at a fence line about 30-40 yards from his location. Even though he did not see what was exchanged, he surmised it was a drug transaction and exited his cruiser to talk with the person on his side of the fence, a female. That person told Officer Ols[o]n that she had "just bought some marijuana for a friend." Officer Ols[o]n radioed to a nearby Montgomery County Deputy Sheriff and requested that he make contact with the Defendant. The Deputy walked around to the other side of the house and interacted with Mr. Day. Officer Ols[o]n sees the Deputy bringing Defendant Day back to his cruiser but cannot remember if he was in handcuffs at that time. This Court does find, however, that Day was

clearly "seized" at that time. Day was placed in a cruiser and then *Mirandized*. There was no evidence produced indicating how Defendant Day was apprehended or where he was apprehended. The Sheriff's Deputy did not testify.

The Court finds that Officer Ols[o]n's suspicions were rightfully aroused that he witnessed a drug transaction. His suspicions were confirmed when the female on his side of the fence indicated the baggie contained marijuana that she had "just" bought for a friend; hence the suspicion of a drug transaction confirmed. There was no warrant in the case.

Decision and Order Granting Defendant's Motion to Suppress (Oct. 11, 2017), Montgomery County Court of Common Pleas Case No. 2017-CR-1896, Docket No. 19, p. 1-2.

{¶ 8} Based on these findings, the trial court held that "the State failed to meet its burden to establish a legal seizure of the Defendant." *Id*. at 2. Specifically, the trial court found that "there [was] no evidence in the record to establish anything about the seizure of the Defendant." *Id*. As a result, the trial court granted Day's motion to suppress.

{¶ 9} Under the authority of R.C. 2945.67(A) and Crim.R. 12(K), the State now appeals from the trial court's decision granting Day's motion to suppress, raising one assignment of error for review.

**Assignment of Error**

{¶ 10} The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN GRANTING DAY'S MOTION TO SUPPRESS. THE COURT DECIDED THE MOTION ON AN ISSUE THAT DAY DID NOT RAISE IN HIS MOTION OR ARGUE AT THE SUPPRESSION HEARING. ALSO, EVEN IF DAY WAS ARRESTED INSIDE HIS HOME WITHOUT A WARRANT, THE EXCLUSIONARY RULE WOULD NOT APPLY.

{¶ 11} Under its single assignment of error, the State contends that the trial court erred in granting Day's motion to suppress. Specifically, the State claims that the trial court based its decision on an issue that was not raised as part of Day's motion. According to the State, the only issue raised in Day's motion to suppress and at the suppression hearing was whether Officer Olson had probable cause to order Day's arrest. The State claims that the trial court properly found that Officer Olson had probable cause to have Day arrested for a drug transaction, but improperly expanded the scope of Day's motion to include the issue of whether the manner/location of Day's arrest was lawful. As a result, the State maintains that it was not provided an opportunity to adequately prepare arguments and present evidence on that issue. The State further argues that even if it had been notified of that issue and the evidence had demonstrated that Day was arrested inside his home as opposed to a public place, the trial court's decision was still in error pursuant to the United States Supreme Court's holding in *New York v. Harris*, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990).

*Standard of Review*

{¶ 12} "In ruling on a motion to suppress, the trial court 'assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses.' " *State v. Prater*, 2012-Ohio-5105, 984 N.E.2d 36, ¶ 7 (2d Dist.), quoting *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994). "As a result, when we review suppression decisions, 'we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.' " *Id.*, quoting *Retherford.*

*The Trial Court Failed to Make a Probable Cause Finding*

{¶ 13} Although the State claims otherwise, after a thorough review of the record, it has come to this court's attention that the trial court failed to make a finding as to whether Officer Olson had probable cause to have Day arrested for a drug transaction. As previously noted, the trial court's written decision provides, in relevant part, as follows:

> The Court finds that Officer Ols[o]n's suspicions were rightfully aroused that he witnessed a drug transaction. His suspicions were confirmed when the female on his side of the fence indicated the baggie contained marijuana that she had "just" bought for a friend; hence the suspicion of a drug transaction confirmed.

Decision and Order Granting Defendant's Motion to Suppress (Oct. 11, 2017), Montgomery County Court of Common Pleas Case No. 2017-CR-1896, Docket No. 19, p. 2.

{¶ 14} While the aforementioned language arguably relates to probable cause, the trial court, nevertheless, failed to make a specific finding as to whether probable cause existed. Without such a finding, we are unable to review the trial court's suppression decision. Therefore, the matter must be remanded to the trial court so that it can issue a decision indicating whether there was probable cause to effectuate Day's arrest.

*The Manner/Location of Day's Arrest is Irrelevant if the Trial Court*

*Finds that Probable Cause Existed to Arrest Day*

{¶ 15} As previously noted, the State contends that the trial court improperly expanded the scope of Day's motion to suppress to include the issue of whether the manner/location of Day's arrest was lawful and then based its decision on that issue. We have held that it is erroneous for a trial court to interject a new issue and base its decision to suppress evidence on that issue without giving the State the opportunity to present evidence on the issue. *Dayton v. Dabney*, 99 Ohio App.3d 32, 39, 649 N.E.2d 1271 (2d Dist.1994); *State v. Byrnes*, 2d Dist. Montgomery No. 25860, 2014-Ohio-1274, ¶ 11. However, if on remand the trial court finds there was probable cause to arrest Day, the State's claim that it did not receive notice of the issue concerning the manner/location of Day's arrest would be irrelevant due to the holding in *Harris*, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13.

{¶ 16} Before discussing the holding in *Harris*, we note that in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the United States Supreme Court held that "[t]he Fourth Amendment * * * prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest."

*Id.* at syllabus. The Supreme Court explained that to be arrested in the home "is too substantial an invasion to allow without a warrant, in the absence of exigent circumstances, even when it is accomplished under statutory authority and when probable cause is present." *Id.* In contrast, "[a] warrantless arrest that is based upon probable cause and occurs in a public place does not violate the Fourth Amendment." *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 66, citing *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976).

{¶ 17} In *Harris*, the Supreme Court held that "[w]here the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of *Payton*." *Harris* at syllabus. "Essentially, the Court held that, at least in situations where the constitutional infirmity rendering an arrest illegal is a violation of the rule in *Payton*, removal of a suspect from the place protected by *Payton* and the giving of *Miranda* warnings will purge any subsequent statements by the suspect of the taint of the illegal arrest." *State v. Couch*, 2d Dist. Montgomery No. 17520, 1999 WL 961264, *9 (June 25, 1999). This is because "[t]he warrant requirement for an arrest in the home is imposed to protect the home[.]" *Harris* at 20. *Harris* explains that while it is appropriate to suppress evidence that is gathered during a warrantless arrest inside a defendant's home, the same cannot be said for subsequent statements that are made by the defendant outside his home after the defendant is *Mirandized* when there is probable cause for the arrest. *Id.*

{¶ 18} In *State v. Cranford*, 2d Dist. Montgomery No. 20633, 2005-Ohio-1904, we reviewed a case in which an arresting officer with probable cause conducted a

warrantless arrest inside the defendant's home. *Id.* at ¶ 31. The home was not searched during the arrest and no incriminating evidence was discovered as a result of the arrest. *Id.* The only evidence that was gathered as a result of the arrest was the defendant's confession, which was obtained at the police station after *Miranda* warnings had been issued. *Id.* Based on those facts, we found "the only constitutional infirmity was that the arrest occurred inside the defendant's home without a warrant." *Id.* In applying *Harris* we held that:

> Once Cranford was taken from her apartment, "the preexisting probable cause provided a legitimate basis for [her] arrest, without release and rearrest, and any statement thereafter made by [Cranford] * * * was not the fruit of [her] having been arrested in [her] home rather than someplace else."
> * * * Because Cranford's statement "was not the fruit of the fact that the arrest was made in the house," we need not conduct an attenuation analysis. * * * Accordingly, based on *Harris*, the trial court did not err in overruling Cranford's motion to suppress.

*Id.* at ¶ 32.

{¶ 19} The present case is analogous to *Cranford* in that the record indicates the only incriminating evidence obtained as a result of Day's arrest was his admission to selling marijuana, which he made outside his home after he was *Mirandized*. Therefore, if the trial court finds on remand that there was probable cause to arrest Day, the fact that the arrest may have taken place inside Day's home in violation of *Payton* is immaterial to the outcome of the suppression decision, as the existence of probable cause and the issuance of *Miranda* warnings would purge the taint of the potential illegal arrest from

Day's subsequent admission in the police cruiser.

{¶ 20} For the foregoing reasons, the State's sole assignment of error is sustained.

**Conclusion**

{¶ 21} The judgment of the trial court granting Day's motion to suppress is reversed and the matter is remanded so that the trial court can issue a decision that includes a finding as to whether Officer Olson had probable cause to arrest Day.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., dissenting:

{¶ 22} The trial court's decision makes no findings that the State of Ohio established probable cause for the arrest of Day. The trial court's decision also makes no findings that Day knowingly, intelligently, and voluntarily waived his *Miranda* rights.

{¶ 23} Absent such findings, Day is entitled to suppression. Any suggestion that his motion lacked sufficient particularity is without merit.

{¶ 24} The Supreme Court of Ohio has interpreted Crim.R. 47 to mean "when applied to a motion to suppress evidence obtained by search and seizure, [the Rule] requires that the prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged." *Xenia v. Wallace*, 37 Ohio St.3d 216, 219, 524 N.E.2d 889 (1988).

{¶ 25} In my view, Day put the State of Ohio on sufficient notice that he was challenging not just a lack of probable cause for his arrest, but also the manner and

location of his arrest. This is evident from the following wording of his motion:

> [T]he stop and search of Defendant and the subsequent seizure of evidence were accomplished without the benefit of a duly issued and executed search warrant, were not conducted with the knowledgeable consent of Defendant, were not based upon probable cause, or within the scope of a search incident to a lawful arrest. Further, it does not appear that exigent circumstances required an immediate search of Defendant. Such a search and seizure constitutes a denial of defendant's rights as guaranteed by the Fourth Amendment to the Constitution of the United States, and also guaranteed by the Constitution of the State of Ohio.

(Docket No. 13).

> Defendant further asserts any statements made by Defendant to any law enforcement officers were obtained in violation of Defendant's rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and also guaranteed by Article 1 of the Ohio Constitution, as such statements were not made voluntarily and were made without the benefit of counsel, without full and adequate explanation of Defendant's rights, and without a knowing and intelligent waiver of these rights.

*Id.*

{¶ 26} The standard set out in *State v. Shindler,* 70 Ohio St.3d 54, 636 N.E.2d 319 (1994) is that there is sufficient notice when a motion "state[s] with particularity the statutes, regulations and constitutional amendments [the defendant] allege[s] were violated, [and] set[s] forth some underlying factual basis." *Id.* at 58. Day's motion meets

that standard. The motion and the supporting memorandum contain the constitutional amendment that was violated and case law supporting Day's position. Day's motion cites to the constitutional amendments he claims were violated and the motion provided some factual basis. The motion states the "the stop and search of Defendant and the subsequent seizure of evidence *** constitutes a denial of Defendant's rights as guaranteed by the Fourth Amendment to the Constitution of the United States, and also guaranteed by the Constitution of the State of Ohio." (Docket No. 13).

{¶ 27} In *State v. Rife*, 4th Dist. Ross No. 11CA3276, 2012-Ohio-3264, the court found that the motion sufficiently put the court and the state on notice for the basis of the motion because it stated the "constitutional amendment [the defendant] claims the trooper violated," and "set[] forth some underlying factual basis." The court determined "a defendant need not set forth the basis for suppression in excruciating detail. Instead, the question is whether the language used provides sufficient—not the best—notice to the state." *Id.* at ¶ 29. The court concluded that the defendant's motion met that "minimal standard." *Id.*

{¶ 28} The court in *Rife* also looked to several other cases, where appellate courts approved suppression motions "that can fairly be characterized as far more 'bare bones' " than in this case. These cases included *State v. Hill*, 8th Dist. Cuyahoga Nos. 83762 and 83775, 2005-Ohio-3155; *State v. Mook*, 11th Dist. Trumbull Nos. 2001-T-0057 and 2001-T-0058, 2002-Ohio-6693; *State v. Burnette*, 7th Dist. Columbiana No. 09CO44, 2011-Ohio-6400; *State v. Krasne*, 2d Dist. Montgomery No. 13421, 1993 WL 125427 (April 23, 1993).

{¶ 29} Further, this court stated in *State v. Palmer*, 2d Dist. Clark No. 3085, 1995

WL 96859 (Mar. 8, 1995), "the proof to which the State needs to resort in order to support a stop and detention is usually not technical or complex, and ordinarily requires only the testimony of the arresting officer." In order to support the stop and search of Day it is not a significant burden on the state to require the testimony of both Officer Olson and Deputy Teague whom initially stopped and seized Day.

{¶ 30} In *Krasne*, 2d Dist. Montgomery No. 13421, 1993 WL 125427, we noted when a defendant indicates that he is stopped and that stop lacks probable cause then the defendant need not say anything more. Any further explanation by the defendant would be speculative and likely be against his interests. *Id.* Day was not required to set forth any more factual basis because his motion challenged whether there was a lawful reason to stop him. Similar to *Krasne*, any further explanation was unnecessary.

{¶ 31} This court addressed a similar issue in *State v. Byrnes*, 2d Dist. Montgomery No. 25860, 2014-Ohio-1274, ¶ 7, wherein the trial court granted the defendant's motion to suppress and the state appealed. The state's sole assignment of error was that the trial court granted the motion based on an issue of a post-stop detention, which was not raised in the defendant's motion. *Id.* We found that the motion did not contain any arguments regarding a post-stop detention and only contained the issue of whether there was reasonable articulable suspicion and probable cause to stop the defendant. *Id.* at ¶ 13. Significantly however, unlike Day's case the trial court in *Byrnes* confirmed prior to the motion to suppress hearing that there was only one issue and that issue was whether there was reasonable articulable suspicion and probable cause to stop the defendant. *Id.*

{¶ 32} Accordingly, I would find Day's motion was sufficiently particular such that

the time, place and manner of the arrest was within the scope of the motion. Virtually no evidence was adduced in this regard as Deputy Teague did not testify, hence I would affirm.

Copies mailed to:

Mathias H. Heck, Jr.
Michael J. Scarpelli
Susan F. Souther
Hon. Richard Skelton