[Cite as *State v. Billings*, 2021-Ohio-2194.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-200245 |
| | | C-200246 |
| Plaintiff-Appellant, | : | TRIAL NOS. 19CRB-11129A |
| | | 19CRB-11129B |
| vs. | : | |
| IMMANUEL BILLINGS, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellee. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 30, 2021

*Andrew Garth*, Interim City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Meagan D. Woodall*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}   The state of Ohio appeals the judgments of the Hamilton County Municipal Court granting defendant-appellee Immanuel Billings's motion to suppress.  Because the trial court erred in granting the motion to suppress based on grounds that were not raised in the motion and that were beyond the scope of the motion as stipulated by Billings at the suppression hearing, and because the trial court erred in concluding that there was no probable cause to arrest Billings, we reverse.

*I.  Background Facts and Procedure*

{¶2}   Billings was charged with obstructing official business and resisting arrest during a traffic stop where he was the passenger of a vehicle driven by his mother.  He filed a motion to suppress in which he asserted that police did not have probable cause to arrest him for obstructing official business.

{¶3}   At the hearing on the motion, defense counsel stipulated that his motion was limited to the lack of probable cause to arrest:

THE COURT:  Are there any stipulations or anything you want to put on the record?  What's being disputed in terms of the stop and the arrest?  What - -

[DEFENSE COUNSEL]:  No probable cause, your Honor.

THE COURT:  No PC to arrest.

[DEFENSE COUNSEL]:  Right.

The parties stipulated that Billings's arrest was a warrantless arrest.

{¶4}   The state presented the testimony of two police officers.  Cincinnati Police Officer Shermel Davis testified that he was riding with a ten-officer bike patrol unit in downtown Cincinnati when an SUV driven by Billings's mother, Tamika[1]

---

[1] Fields's first name is spelled "Tamika" and "Tomica" in the transcript of the motion hearing.

Fields, pulled up next to the officers, "has some words for us, speeds off, cuts in front of us."

{¶5} The officers pulled Fields over for an improper-passing traffic violation. The officers requested that Fields roll the vehicle's windows down, but she refused and was "very uncooperative." Officer Davis testified that there was "[a] lot of yelling back and forth - - she's yelling at me. Her son [Billings, a back-seat passenger] is yelling at me [and] * * * the rest of the passengers in the back are yelling." Officer Davis said he asked Fields to roll the windows down because he was unable to see who was in the back seat of the vehicle. Again, Fields refused to roll the windows down.

{¶6} Cincinnati Police Officer Baron Osterman described the scene as "chaotic." He said that there were six or seven people inside the vehicle, and "there was a lot of yelling going on from the inside [of] the vehicle, out towards us." According to Officer Osterman, "There was a lot of excessive movement, which we, generally, don't like as police officers. You can't see where people are reaching, where they're moving to or if there's weapons in the car." Officer Osterman testified that "the front passenger began to exit the vehicle, [and] a digital scale - - which is commonly used as drug paraphernalia - - fell from the vehicle."

{¶7} Officer Davis testified that Billings "stepped out [of the vehicle] before I told him to step out," so he told Billings "to sit back in the car," and Billings complied.

{¶8} Then Officer Davis ordered everyone out of the vehicle because "there was a lot of commotion going on. In between [Fields's] yelling in the front and everybody in the back seat, it was a safety hazard." According to Officer Osterman, Billings complied with Officer Davis's order to get out of the vehicle, but when Officer Davis asked Billings to turn around and place his hands behind his back, Billings refused and re-entered the vehicle. Officer Osterman stated, "If we ask somebody to

step out of the vehicle, and they don't want to do it or they try to get back into the vehicle," officer safety becomes a concern because "they may be going back in for a weapon or to retrieve some type of contraband."

{¶9} The officers gave Billings several commands to get out of the vehicle, but Billings refused. When the officers grabbed Billings to remove him from the vehicle, Billings resisted by holding on to the interior of the vehicle.

{¶10} When the prosecutor asked Officer Osterman how Billings's actions impeded the performance of his duties as a law enforcement officer, defense counsel objected, stating that "the [c]ourt just needs to determine whether or not there was probable cause for him to make the arrest. That's all we're contesting here. There was no probable cause." After the trial court overruled the objection, Officer Osterman stated, "Well, we have to deal with that specific situation instead of continuing with the actual investigation, which was the initial traffic stop." The parties also introduced into evidence video from Officer Davis's and a second officer's body-worn cameras.

{¶11} After the suppression hearing, the parties submitted written closing arguments. In Billings's written closing argument, he asserted for the first time that the traffic stop was illegally prolonged and that the seizure violated R.C. 2935.07, which requires police to inform a person arrested without a warrant of the officer's authority to do so and the cause of the arrest.

{¶12} The trial court granted Billings's motion and suppressed the evidence resulting from the arrest. In doing so, the court specifically considered the arguments that Billings did not raise until after the suppression hearing. The court assessed the traffic stop and concluded that the police had unreasonably and unlawfully prolonged it. The court also found that police violated R.C. 2935.07 by failing to inform Billings or his mother of the reason for the stop. In addition, the

court concluded that police had no probable cause to arrest Billings for obstructing official business and that the resisting-arrest charge was unlawful.

## II. The State Appeals

{¶13} The state now appeals. In a single assignment of error, the state argues that the trial court erred by granting the motion to suppress because the court improperly exceeded the scope of the motion in doing so and because the officers had probable cause to arrest Billings. We agree.

{¶14} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We must accept the trial court's factual findings if they are supported by competent, credible evidence, but we review de novo the trial court's application of the law to those facts. *Id.*

### A. The Trial Court Exceeded the Scope of the Motion to Suppress

{¶15} To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must "raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Xenia v. Wallace*, 37 Ohio St.3d 216, 219, 524 N.E.2d 889 (1988). The prosecutor is not required to anticipate the specific legal and factual grounds for a defendant's challenge to a warrantless search or seizure. *Id.* at 218. The defendant must clarify the legal and factual grounds upon which the defendant challenges the evidence so that the prosecutor may adequately prepare for the suppression hearing. *Id.*

{¶16} "By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 18, quoting *State v. Shindler*, 70 Ohio St.3d 54, 58, 636

5

N.E.2d 319 (1994). "Similarly, when a defendant makes stipulations or narrows the issues to be decided at a suppression hearing, the prosecution need not 'prove the validity of every aspect of the search.' " *Id.* at ¶ 19, quoting *State v. Peagler*, 76 Ohio St.3d 496, 500, 668 N.E.2d 489 (1996). "Arguments not made by the defendant at the suppression hearing are, therefore, deemed to have been waived." *Id.*

**{¶17}** A trial court commits reversible error by granting a motion to suppress on a basis not raised by the defendant's motion because the state is not provided with an opportunity to adequately prepare arguments and present evidence on an issue not raised by the defendant. *State v. Skeens*, 5th Dist. Tuscarawas No. 2017 AP 11 0030, 2018-Ohio-1610, ¶ 20; *State v. Tyson*, 2015-Ohio-3530, 41 N.E.3d 450, ¶ 32 (3d Dist); *State v. Byrnes*, 2d Dist. Montgomery No. 25860, 2014-Ohio-1274, ¶ 13-14; *State v. Duke*, 9th Dist. Lorain No. 12CA010225, 2013-Ohio-743, ¶ 12.

**{¶18}** In this case, the only ground upon which Billings challenged the validity of his warrantless arrest was whether probable cause existed to arrest him for obstructing official business. At the beginning of the suppression hearing, Billings stipulated that the sole ground for his motion was the lack of probable cause. He reiterated this during the evidentiary hearing by clearly stating (in support of his argument to keep out evidence) that all the defendant was contesting was that there was no probable cause for the arrest. Billings raised no challenge relating to either R.C. 2935.07 or the reasonableness of the traffic stop in his motion to suppress, but the trial court granted the motion, at least in part, on both of those grounds. By failing to raise the reasonableness of the stop or the application of R.C. 2935.07, however, Billings waived those arguments. *See Wintermeyer* at ¶ 19. Because the state was not afforded an opportunity to present evidence on the grounds not raised by Billings in his motion to suppress, we hold that the trial court erred by granting the motion on those grounds.

## B. The Police Had Probable Cause to Arrest

**{¶19}** The only issue before the trial court was whether probable cause existed to arrest Billings for obstructing official business. The test for establishing probable cause to arrest is whether the facts and circumstances within the police officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committing or was committing an offense. *State v. Deters*, 128 Ohio App.3d 329, 333, 714 N.E.2d 972 (1st Dist.1998). A court must "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003), quoting *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

**{¶20}** Probable cause is a lesser standard of proof than that required for a conviction because it requires only the probability of criminal activity, and not proof beyond a reasonable doubt. *State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989); *State v. Hackney*, 1st Dist. Hamilton No. C-150375, 2016-Ohio-4609, ¶ 26. Probable cause requires only the existence of circumstances that warrant suspicion. *George* at 329; *Hackney* at ¶ 26. In other words, "it is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.' " *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

**{¶21}** Billings was charged with violating R.C. 2921.31(A), the obstructing-official-business statute, which provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful

duties." A violation of the statute requires an affirmative act. *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 10 (1st Dist.).

{¶22} Here, the trial court found that there was no evidence that Billings committed an affirmative act or that his failure to act impeded or hampered the officers' investigation of the traffic violation. However, the trial court focused only on Billings's refusal to get out of the vehicle. The testimony and video evidence at the hearing demonstrated that Billings's actions in impeding the officers' investigation began before that. When Billings was still outside the vehicle, he refused an officer's order to turn around and place his hands behind his back. He then re-entered the vehicle, and despite repeated commands, he refused to exit the vehicle. In addition, he held on to the interior of the vehicle to prevent the officers from pulling him out of the vehicle. Billings's conduct required the officers to shift their attention to him, thereby hampering the officers' investigation of the traffic stop of his mother and the other passenger's possession of drug paraphernalia.

{¶23} The officers' testimony was borne out by the video evidence. Billings's conduct in refusing an officer's order to turn around and place his hands behind his back, re-entering the vehicle that he had just vacated upon an officer's order, refusing the officers' repeated commands to exit the vehicle, and holding the interior of the vehicle to prevent himself from being pulled from the vehicle impeded the officers' investigation of the traffic stop. These facts, when considered as a whole, would cause an objectively reasonable police officer to believe that Billings was obstructing official business, and provided probable cause for his arrest.

{¶24} We hold that the trial court's legal conclusion that the facts in this case did not provide probable cause to arrest was in error. Because Billings's arrest was supported by probable cause, the trial court erred by granting his motion to suppress.

### III. Conclusion

{¶25} Therefore, we sustain the state's assignment of error, reverse the trial court's judgments granting the motion to suppress, and remand the matter for further proceedings consistent with law and this opinion.

Judgments reversed and cause remanded.

**WINKLER** and **HENDON, JJ.,** concur.

SYLVIA SIEVE HENDON, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry this date.